## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

VINCENT ELLIOT WILSON,

    Plaintiff,

    v.

MOUNT RAINIER POLICE DEPT., *et al.*,

    Defendants.

Civil Action No.:  PX-23-1754

### MEMORANDUM OPINION

On August 10, 2023, this Court directed Plaintiff, Vincent Elliot Wilson, to show cause as to why he is entitled to equitable tolling of the statute of limitations or otherwise why his claims should not be dismissed as time-barred.  ECF No. 4.  Wilson responded on August 21, 2023.  ECF No. 5.  Because Wilson has failed to demonstrate why otherwise time-barred claims should proceed, the Complaint must be dismissed.

Wilson argues that his claims should be tolled (1) because he suffers from a "mental health issue"; (2) he has been almost continuously incarcerated save for two months during the limitations period; and (3) that he has suffered other difficulties such as multiple prison transfers, segregation, and the effects of non-specific "misrepresentation or concealment or other misconduct."  *Id.* at 2-3.

As previously discussed, for actions pursued under 42 U.S.C. §1983, the Court incorporates state limitations rules for the most analogous offenses.  ECF No. 4.  As to Wilson's mental health challenges, although Maryland allows tolling of limitations for mental incompetence, *see* Md. Code Ann., Cts & Jud. Proc. § 5-201(a), a person cannot avail himself of such protection without showing that "by reason of the incompetence," he was unable "to understand that he or she has a

cause of action and to take the necessary steps to file the action' that is the concern." *Kratz ex rel. Kratz-Spera v. MedSource Cmty. Servs., Inc.*, 228 Md. App. 476, 485 (2016) (quoting *Buxton v. Buxton*, 363 Md. 634, 646-47 (2001)).  This tolling rule aims "to protect those who lack the mental capacity to comprehend and safeguard their legal rights." *Kratz ex rel.*, 228 Md. App. at 484. Wilson has done nothing to demonstrate to the Court that he had been incompetent during the limitations period.  Further, Wilson's current compliance with this Court's orders and deadlines at least makes plausible that Wilson's mental health challenges have not rendered him incompetent. Accordingly, the Court will not toll limitations on this asserted ground.

As to Wilson's contention that the time to file should be tolled during his incarceration, Wilson relies exclusively on substantive law from the District of Columbia and Illinois.  *See* ECF No. 5 at 1.  However, the relevant law here – Maryland – does not include a similar tolling provision.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-201(c) ("Imprisonment, absence from the State, or marriage are not disabilities which extend the statute of limitations.").  Because the Court cannot borrow from such out-of-jurisdiction law, this argument too must fail.

Last, Wilson essentially contends that the limitations period should be equitably tolled based on the length and nature of his incarceration.  The doctrine of equitable tolling applies only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000)).  Equitable tolling is available only when the plaintiff, despite his exercise of due diligence, had otherwise been prevented from pursuing his claim through no fault of his own.  *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974).  Wilson has not met this high bar.  Although the circumstances of his incarceration, no doubt, made it more difficult

to pursue his claims, he has not shown why he was prevented from pursuing his claims. Certainly, Wilson does not explain why he did not file suit for the period he was on release. Thus, because the claims were untimely filed, and Wilson has put forward insufficient grounds to excuse limitations, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915A. A separate Order follows.


Dated: September 12, 2023                  _____/S/_____
                                           Paula Xinis
                                           United States District Judge